UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| JAMES BROWN | CIVIL ACTION NO. 05-1805LC |
| VS. | SECTION P |
| STUART S. KAY, JR., ET AL | JUDGE MINALDI |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is *pro se* plaintiff James R. Brown's civil rights suit (42 U.S.C. § 1983) filed on October 11, 2005. Brown is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. At all times relevant to the issues made the basis of this suit, plaintiff was incarcerated in the Pine Prairie Correctional Center in Pine Prairie, Louisiana. Plaintiff is serving a sixty (60) month sentence for the unauthorized use of movable over $1000 in value, imposed on March 7, 2005, following his January 18, 2005 guilty plea. Plaintiff names the following as defendants herein: Judge Stuart Kay; District Attorney David Burton; Beauregard Parish; attorney Martha Ann O'Neal; Pine Prairie Correctional Center; and Warden Gary Copes.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

In the instant case, plaintiff contends that Judge Kay, a judge in the 36th Judicial District, mistakenly charged him with the same offense that he was charged with in the 31st Judicial District. Defendant O'Neal was representing plaintiff at the time he entered the guilty plea from

which the sentence imposed was based. As a result of the above, plaintiff seeks release from prison, clemency, one million dollars, and pain and suffering for 16 months.

## **LAW AND ANALYSIS**

At the onset, this court is called upon to determine whether to treat plaintiff's pleading as a petition for *habeas corpus* or, as plaintiff advances, a civil rights complaint under 42 U.S.C. § 1983. "Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. See *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994). A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody. See *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989)." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). The Fifth Circuit has adopted a simple, bright-line rule for determining how to categorize such *pro se* pleadings: If a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle is a § 1983 suit. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (per curiam). Based upon a review of the pleadings herein, the court determines that plaintiff has attempted to allege herein both *habeas* claims and civil rights claims.

**I.**     ***Habeas* Claims**

To the extent that plaintiff's claims are considered *habeas* in nature, the court finds that same should be dismissed as duplicative. Specifically, the claims advanced by plaintiff herein are, for all purposes relevant to a *habeas* analysis, nearly identical to those brought by him pursuant to 28 U.S.C. § 2254 in a *habeas corpus* petition filed with this court and docketed as *James R. Brown, Sr. v. Warden Correctional Center of Pine Prairie*, 2:05-cv-1559, Western District of Louisiana, Lake Charles Division.

Furthermore, as discussed in the Report and Recommendation issued by the undersigned in plaintiff's *habeas corpus* case, any *habeas* claims advanced by plaintiff are subject to dismissal due to plaintiff's failure to exhaust the available state court remedies with respect to this claims.[1]  28 U.S.C. § 2254(b)(1).

## II. Civil Rights Claims

To the extent that plaintiff's claims fall under the umbrella of a § 1983 action, his complaint is barred by the doctrine of *Heck v. Humphrey*, 114 S.Ct. 2364 (1994). Under *Heck*, a court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of *habeas corpus* under  28 U.S.C. § 2254. *Id.*, 512 U.S. at 486-87. Plaintiff cannot meet this requirement.

A judgment in favor of plaintiff herein on these claims would necessarily imply the invalidity of his contested sentence.  Therefore, it  follows that *Heck* applies to the proceedings complained of herein.  Plaintiff has not suggested that his sentence has already been invalidated, reversed, expunged, set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. Thus, plaintiff's claims are not cognizable under § 1983 at this time. Rather, plaintiff's claims challenging his sentence are "legally frivolous" within the meaning of §§ 1915(e)(2) and § 1915A(b). *Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir.1996)("A §

---

[1] Plaintiff admits that he has not appealed his conviction nor filed a motion for post-conviction relief.

1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question."). It is therefore recommended that the court dismiss with prejudice plaintiff's civil rights claims stemming from his sentence, subject to the claims being reasserted when the *Heck* conditions are met. See, *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)(clarifying that the dismissal of a civil rights claim under the holding of *Heck* should be "with prejudice until the *Heck* conditions are met); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994)(Where a § 1983 plaintiff's claims attack the fact or duration of his confinement and such claims are dismissed under *Heck v. Humphrey*, the dismissal should be "with prejudice.") [2]

---

[2] In the alternative, plaintiff's complaint would nevertheless be subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915A, which states that when a prisoner files a complaint in a civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the district court is obliged to review the complaint as soon as is feasible and to dismiss the case if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Plaintiff names Judge Stuart Kay, District Attorney David Burton; his attorney Martha Ann O'Neal; Pine Prairie Correctional Center; Beauregard Parish, and Warden Copes as defendants in this action. However, none of these parties are proper defendants in regard to plaintiff's § 1983 claims for the following reasons:
1. Judge Kay and District Attorney David W. Burton have absolute immunity for acts done within the scope of their official duties. *Stump v. Sparkman*, 98 S.Ct. 1099 (1978); *Imbler v. Pachtman*, 96 S.Ct. 984, 995 (1976).
2. Attorney Martha Ann O'Neal is not a "state actor" for purposes of § 1983 liability. *Polk County v. Dodson,* 102 S.Ct. 445 (1981).
3. Pine Prairie Correctional Center is not a legal entity capable of being sued under § 1983. See *Wright v. El Paso County Jail*, 642 F.2d 134, 136 n. 3 (5th Cir.1981).
4. In order to hold Beauregard Parish liable under § 1983, the plaintiff must establish that he sustained a deprivation of his constitutional rights as a result of some official policy, practice, or custom of the governmental entity. *Monell v. Department of Social Servs. of the City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978). Plaintiff herein did not and, under the facts alleged by plaintiff, cannot assert any such claims in this matter.
5. Warden Gary Copes cannot be held liable under § 1983 under the doctrine of *respondeat superior*, and the plaintiff's complaint is devoid of any factual allegations that Warden Copes was either personally involved in the alleged constitutional deprivation or that he implemented a policy which itself acts as a constitutional deprivation. *Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992). *Jennings v. Joshua Independent School District*, 877 F.2d 313 (5th Cir. 1989); *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).

4

Accordingly,

**IT IS RECOMMENDED** that plaintiff's *habeas* claims herein be **DENIED AND DISMISSED** as duplicative of those advanced in *Brown v. Warden*, 2:05-cv-1559 (W.D. La.).

**IT IS FURTHER RECOMMENDED** that plaintiff's civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C.1915(e)(2).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 24th day of January, 2006.

```
                                    _____
                                    ALONZO P. WILSON
                                    UNITED STATES MAGISTRATE JUDGE
```